**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **DREXEL ON THE PARK, LLC,** an Oklahoma limited liability company; and **JOHN ANTONELLI,** <br><br> Plaintiffs, <br><br> v. <br><br> **STATEWIDE RENOVATION AND SUPPLIES, INC.,** an Oklahoma Corporation, <br><br> Defendant. | Case No. CIV-15-1257-R |

# ORDER

Before the Court is the motion of Statewide Renovation and Supplies, Inc. to vacate this Court's Order of January 19, 2016 [Doc. No. 20] pursuant to F.R.Civ.P. 6(b)(1)(B), F.R.Civ.P. 54(b) and F.R.Civ.P. 59(e) or to alter or amend that Order. *See* Doc. No. 30. The Order of January 19, 2016 dismissed certain counterclaims filed by Statewide, specifically 1) claims concerning the alleged existence of an escrow account or other escrow arrangement for the insurance proceeds and Drexel Reserves; 2) claims that Statewide Renovation and Supplies, Inc. loaned money to Antonelli; and 3) claims that Antonelli owed Statewide Renovation and Supplies, Inc. fiduciary duties that were breached. *See* Doc. No. 20. The Court dismissed those claims after Statewide Renovation and Supplies, Inc., failed to respond to the motion of Drexel on the Park, L.L.C., Vanguard Properties and John Antonelli to dismiss those counterclaims, deeming the motion confessed pursuant to LCvR 7.1(g).

As grounds for its motion to vacate or alter or amend the order of dismissal, Statewide cites a docketing error as "excusable neglect," after first securing Plaintiff's counsel's informal agreement that instead of filing the response on Wednesday, January 13, 2016, Statewide could file its response on Monday, January 18, 2016. Counsel for Statewide waited until January 13, 2016, the date his response was due to request an extension of time from opposing counsel and then docketed the response date as Monday, January 25, 2016. Counsel for Statewide ignored this Court's rules and never filed an application for an extension of time with the Court. *See* LCvR 7.1(h). Then, after receiving the Court's January 19, 2016 order, counsel for Statewide waited twenty-eight (28) days to file the motion for relief from the Order.

Whether a party's neglect is excusable "is at bottom an equitable one, taking account of all the relevant circumstances surrounding the party's omission." *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). The Court identified four factors to consider in determining whether neglect is excusable: 1) the danger of prejudice to the non-moving party; 2) the length of delay and its potential impact on the judicial proceeding; 3) the reason for the delay, including whether it was within the reasonable control of the movant; and 4) whether the movant acted in good faith. *United States v Torres*, 372 F.3d 1159, 1162 (10th Cir. 2004). The Court may also consider whether the underlying claim is meritorious. *Jennings v. Rivers*, 394 F.2d 850, 857 (10th Cir. 2005).

After hearing oral argument both on this motion and on the motion to disburse funds, the Court finds that Stateside's counsel's neglect was excusable. There is no danger of prejudice to the non-moving party because the Court is denying the motion to disburse. The length of the delay caused by Stateside's failure to respond to the motion to dismiss counterclaims is minimal. Both parties acknowledged at the hearing that no discovery had been initiated. Although the delay was in the reasonable control of the movant, the Court finds that the movant acted in good faith. Accordingly, Stateside's motion to vacate the Court's Order of January 19, 2016 is GRANTED. Stateside Renovation and Supplies, Inc. is ORDERED to file its response to the motion of Drexel on the Park, L.L.C., to dismiss counterclaims within ten (10) days of the date of this Order. It is further ORDERED that Stateside pay the attorney's fees and costs of Drexel *et al.*, incurred in responding to Stateside's motion to vacate and attendance at the hearing.

IT IS SO ORDERED this 7th day of March, 2016.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE